| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**American Safety Razor Company, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**N/A** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**American Safety Razor Company** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>**N/A** |
| Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**54-1050207** | Last four digits of Social Security or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**N/A** |
| Street Address of Debtor (No. & Street, City, State):<br><br>**240 Cedar Knolls Road**<br>**Cedar Knolls, New Jersey**   `07927` | Street Address of Joint Debtor (No. & Street, City, State):<br>**N/A** |
| County of Residence or of the Principal Place of Business:<br>**Morris, New Jersey** | County of Residence or of the Principal Place of Business:<br>**N/A** |
| Mailing Address of Debtor (if different from street address):<br><br>**N/A**    `ZIP CODE` | Mailing Address of Joint Debtor (if different from street address):<br><br>**N/A** |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>See Attachment A    `ZIP CODE` | |

**Type of Debtor**
(Form of Organization)
(Check **one** box)

☐ Individual (includes Joint Debtors)
   *See Exhibit D on page 2 of this form.*
☒ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the
   above entities, check this box and
   state type of entity below)

_____

**Nature of Business**
(Check **one** box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in
   11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☒ Other
Manufacturer of blade products
**Tax-Exempt Entity**
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization
   under Title 26 of the United States
   Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which
the Petition is Filed** (Check **one** box)

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for
   Recognition of a Foreign
   Main Proceeding
☐ Chapter 15 Petition for
   Recognition of a Foreign
   Nonmain Proceeding

**Nature of Debts**
(Check **one** box.)

☐ Debts are primarily consumer
   debts, defined in 11 U.S.C.
   § 101(8) as "incurred by an
   individual primarily for a
   personal, family, or household
   purpose."

☒ Debts are primarily
   business debts.

**Filing Fee** (Check **one** box)

☒ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only).
   Must attach signed application for the court's consideration certifying
   that the debtor is unable to pay fee except in installments. Rule 1006(b).
   See Official Form No. 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only).
   Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured
   creditors.
☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
   there will be no funds available for distribution to unsecured creditors.

**Chapter 11 Debtors**

**Check one box:**
☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D)

☒ Debtor is not a small business debtor as defined in 11 U.S.C.
   § 101(51D).

**Check if:**
☐ Debtor's aggregate noncontingent liquidated debts (excluding
   debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one
   or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

Estimated Number of Creditors*

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over-100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

Estimates Assets*

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 Million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

Estimates Liabilities*

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

THIS SPACE IS FOR COURT
USE ONLY

---

\*      The Debtor's financial records are presented on a consolidated basis with the entities identified on the schedule annexed hereto as Attachment B.  Accordingly, individualized
       information as to the number of creditors, assets and liabilities of the Debtor is not presented herein.

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** **American Safety Razor Company, LLC** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **N/A** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **See Attachment B** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)          Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1))

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **American Safety Razor Company, LLC** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition signer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
   Telephone Number (if not represented by attorney)

_____
   Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

_____
   (Printed Name of Foreign Representative)

_____
   Date

**Signature of Attorney***

X  /s/ Andrew C. Kassner
   Signature of Attorney for Debtor(s)
   Andrew C. Kassner  (DE 4507)
   Printed Name of Attorney for Debtor(s)
   Drinker Biddle & Reath LLP
   Firm Name
   1100 N. Market Street, Suite 1000, Wilmington, DE 19801
   Address
   (302) 467-4200
   Telephone Number
   7/28/10
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ J. Andrew Bolt
   Signature of Authorized Individual
   J. Andrew Bolt
   Printed Name of Authorized Individual
   Executive Vice President, Chief Financial Officer, Secretary, and Authorized Officer
   Title of Authorized Individual
   7/28/10
   Date

## Attachment A

### Location of Principal Assets of Business Debtor

240 Cedar Knolls Road
Cedar Knolls, NJ 07927

2820 Media Drive
Knoxville, TN 37914

One Razor Blade Lane
Verona, VA 24482

Blvd Ing. Jorge Perez de la Pena #800
Sur Colonia: Parque Industrial C.P. 85065
Ciudad Obregon, Sonora 85000
Mexico

## Attachment B

### Pending Bankruptcy Cases Filed by Affiliates of the Debtor

Concurrently herewith, the affiliated entities listed below (the "<u>Affiliated Debtors</u>") filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of its voluntary petition, the Affiliated Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for only administrative purposes.

The Affiliated Debtors are the following entities:

American Safety Razor Corporation
ASR Holdings, Inc.
Blade Acquisition Company
Industrias Manufactureras ASR de Puerto Rico, Inc.
Megas Beauty Care, Inc.
Megas de Puerto Rico, Inc.
Personna International de Puerto Rico, Inc.
RSA Holdings Corp. of Delaware
RSA Soap Company, Inc.
Valley Park Realty, Inc.

**AMERICAN SAFETY RAZOR COMPANY, LLC**
**SECRETARY'S CERTIFICATE**

**July 28, 2010**

I, J. Andrew Bolt, Executive Vice President, Chief Financial Officer and Secretary of American Safety Razor Company, LLC, a limited liability company organized and existing under the laws the State of Delaware (the "Company"), do hereby certify the following at and as of the date hereof:

1.    I am the duly qualified, elected and acting Secretary of the Company.

2.    Attached hereto as Exhibit A is a true, correct, and complete copy of resolutions (the "Resolutions") duly adopted by the sole member of the Company (the "Sole Member") at a meeting on July 27, 2010.

3.    The Resolutions were duly adopted by the Sole Member, acting pursuant to the Operating Agreement of the Company, as amended from time to time.

4.    The Resolutions are not inconsistent with the Operating Agreement of the Company.

5.    The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

6.    The Resolutions are the only resolutions relating to the subject matter thereof adopted by the Sole Member or any committees of the Company.

*[Signature page follows]*

**IN WITNESS WHEREOF**, the undersigned has executed this Certificate as of the first date above written.

AMERICAN SAFETY RAZOR COMPANY, LLC

By:   /s/ J. Andrew Bolt            

Name: J. Andrew Bolt

Title:   Executive Vice President, Chief Financial
Officer and Secretary

# **EXHIBIT A**

## **Resolutions**

<div align="center">

**RESOLUTIONS OF THE SOLE MEMBER OF
AMERICAN SAFETY RAZOR COMPANY, LLC**

</div>

*The sole member (the "Sole Member") of American Safety Razor Company, LLC (the "Company" or the "Seller"), a limited liability company formed under the laws of the State of Delaware, acting pursuant to the Company's Operating Agreement, as amended from time to time, hereby adopts the following resolutions:*

**WHEREAS,** the Sole Member reviewed the materials presented by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's businesses; and

**WHEREAS,** the Sole Member has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company;

I.      **VOLUNTARY PETITION UNDER THE PROVISIONS OF THE BANKRUPTCY CODE**

**NOW, THEREFORE, BE IT RESOLVED THAT:** In the judgment of the Sole Member, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code");

**BE IT FURTHER RESOLVED THAT:** Mario E. Soussou, J. Andrew Bolt and Charles Heckel, and such other persons acting at their direction (each an, "Authorized Officer," but collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered to execute in the name of and on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action that they deem necessary, or proper or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case;

**BE IT FURTHER RESOLVED THAT:** Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the law firm of Simpson Thacher & Bartlett LLP ("Simpson Thacher") as general bankruptcy and corporate counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings and actions as may be necessary or desirable; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Simpson Thacher;

**BE IT FURTHER RESOLVED THAT:** Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the law firm of Drinker Biddle & Reath LLP ("Drinker Biddle") as conflicts and co-counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings and actions as may be necessary or desirable; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Drinker Biddle;

**BE IT FURTHER RESOLVED THAT:** Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the firm of AlixPartners, LLP ("AlixPartners") as restructuring managers to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of AlixPartners;

**BE IT FURTHER RESOLVED THAT:** Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the firm of Lazard Middle Market LLC ("Lazard") as investment bankers to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Lazard;

**BE IT FURTHER RESOLVED THAT:** Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC ("KCC") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of KCC;

**BE IT FURTHER RESOLVED THAT:** Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon

the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

          **BE IT FURTHER RESOLVED THAT:** Each of the Authorized Officers are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, complaints, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Company's business;

          **BE IT FURTHER RESOLVED THAT:** All acts lawfully done or actions lawfully taken by any of the Authorized Officers of the Company or any of the professionals to seek relief on behalf of the Company under the Bankruptcy Code or in connection with the chapter 11 case, or any matter or proceeding related thereto, be and hereby are adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

## II.    DEBTOR-IN-POSSESSION FINANCING

          **BE IT FURTHER RESOLVED THAT:** The form, terms and provisions of that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement") by and among American Safety Razor Company, LLC, as Borrower, RSA Holdings Corp. of Delaware, and the Subsidiary Guarantors (as defined therein), each of which is a debtor and a debtor in possession in a case pending under chapter 11 of the Bankruptcy Code, UBS AG, Stamford Branch, as administrative agent for the DIP Lenders (as hereinafter defined) (in such capacity, the "DIP Administrative Agent"), and each of the other Lenders (as defined therein) from time to time party thereto (collectively, the "DIP Lenders"), substantially in the form presented to the Sole Member, and the Company's performance of its obligations under the DIP Credit Agreement, if any, including the guarantee and incurrence of indebtedness thereunder, be, and hereby are, in all respects, approved;

          **BE IT FURTHER RESOLVED THAT:** The form, terms and provisions of that certain Security Agreement (the "DIP Security Agreement") by and among American Safety Razor Company, LLC, RSA Holdings Corp. of Delaware, and the Guarantors listed on the signature pages thereto and any Additional Pledgors from time to time parties thereto (each as defined therein), each of which is a debtor and a debtor in possession in a case pending under chapter 11 of the Bankruptcy Code, in favor of UBS AG, Stamford Branch, in its capacity as DIP Administrative Agent on behalf of the Secured Parties (as defined in the DIP Credit Agreement), substantially in the form presented to the Sole Member, and the Company's performance of its obligations under the DIP Security Agreement, if any, be, and hereby are, in all respects, approved;

          **BE IT FURTHER RESOLVED THAT:** The form, terms and provisions of each of the agreements, instruments and documents delivered or executed in connection with the DIP Credit Agreement, including without limitation any related commitment letters and fee letters (together with the DIP Credit Agreement and the DIP Security Agreement collectively, the "DIP Documents"), are authorized and approved in all respects, and the Company's performance of its obligations, if any, under the DIP Documents be, and hereby are, in all

respects approved, and that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized and empowered to execute and deliver the DIP Credit Agreement and each of the DIP Documents, in the name and on behalf of the Company under its corporate seal or otherwise, substantially in the forms reviewed by one or more Authorized Officers, with such changes therein and modifications and amendments thereto as any Authorized Officer or Officers may in his/her or their sole discretion approve, which approval shall be conclusively evidenced by his/her or their execution thereof;

**BE IT FURTHER RESOLVED THAT:** The Sole Member hereby authorizes the Company to grant liens and security interests in the Company's assets to the extent set forth in the DIP Documents in favor of the DIP Administrative Agent, the DIP Lenders, as the case may be, as collateral to secure the obligations in the DIP Credit Agreement and the DIP Documents, and the Sole Member hereby authorizes the DIP Administrative Agent, the DIP Lenders, as the case may be, to file any financing statements (including financing statements describing the collateral as "all assets", "all personal property" or with words of similar import), assignments for security or other documents in the name of the Company as may be necessary or desirable to perfect the security interests granted, if any, to the DIP Administrative Agent in the DIP Documents;

**BE IT FURTHER RESOLVED THAT:** Each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Documents, to arrange for and enter into supplemental agreements, amendments, waivers, forbearances, instruments, certificates or documents relating to the transactions contemplated by the DIP Credit Agreement or any of the other DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of the Company under its corporate seal or otherwise, which shall in his/her sole judgment be necessary, proper, and advisable in order to perform the Company's obligations under or in connection with the DIP Credit Agreement or any of the other DIP Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions;

**BE IT FURTHER RESOLVED THAT:** Each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the DIP Documents which shall in his/her sole judgment be necessary, proper or advisable;

**BE IT FURTHER RESOLVED THAT:** All acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement and any of the other DIP Documents be, and hereby are, in all respects confirmed, approved and ratified;

## III.    ASSET PURCHASE AGREEMENT

**BE IT FURTHER RESOLVED THAT:** The Sole Member deems it advisable and in the best interests of the Company, its creditors, and other parties in interest to negotiate and enter into that certain asset purchase agreement, by and among the Seller, a debtor and

4

debtor in possession in a case pending under chapter 11 of the Bankruptcy Code, Parent (as defined therein) and Purchaser (as defined therein), in such form and containing such terms and provisions as may be approved by the Sole Member (the "Asset Purchase Agreement"), pursuant to which the Seller desires to sell, convey and transfer to the Purchaser all of the Purchased Assets (as defined therein) together with the Assumed Liabilities (as defined therein), and Purchaser desires to purchase from Seller all of the Purchased Assets and assume the Assumed Liabilities, upon the terms and subject to the conditions set forth therein and in accordance with sections 105, 363, and 365 of the Bankruptcy Code;

**BE IT FURTHER RESOLVED THAT:** The transactions contemplated by the Asset Purchase Agreement are intended to qualify as a reorganization under section 368(a)(1)(G) of the United States Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder (the "Code") and the Asset Purchase Agreement and the Sale Order (as defined therein) shall constitute a plan of reorganization within the meaning of section 1.368-2(g) of the income tax regulations promulgated under the Code;

**BE IT FURTHER RESOLVED THAT:** The Authorized Officers are, and each of them hereby is, acting alone, authorized, on behalf of and in the name of the Company, to (i) execute and deliver the Asset Purchase Agreement in such form and containing such terms and provisions as may be approved by the Sole Member, together with such changes as any Authorized Officer executing the same shall determine to be necessary, advisable or appropriate, such determination (and the approval of the Sole Member) to be conclusively evidenced by the execution and delivery thereof; and (ii) take any further action to consummate each of the transactions contemplated by the Asset Purchase Agreement as any such Authorized Officer shall determine to be necessary, advisable or appropriate, including, but not limited to, the execution and delivery of the Ancillary Documents (as defined therein), the filing of a motion seeking approval of the Sale Order with the Bankruptcy Court and the delivery to the Purchaser of the Parent Consideration (as defined therein), and that the Company is hereby authorized to perform its obligations under the Asset Purchase Agreement and the Ancillary Documents as so executed and delivered;

**BE IT FURTHER RESOLVED THAT:** Each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Asset Purchase Agreement, the Ancillary Documents or any of the other documents relating thereto which shall in his/her sole judgment be necessary, proper or advisable;

**BE IT FURTHER RESOLVED THAT:** All acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Asset Purchase Agreement, the Ancillary Documents and any of the other documents relating thereto be, and hereby are, in all respects confirmed, approved and ratified;

## IV. FURTHER ACTIONS AND PRIOR ACTIONS

**BE IT FURTHER RESOLVED THAT:** Each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered for, in the name of and on behalf of the Company to take or cause to be taken any

and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each, in his/her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

**BE IT FURTHER RESOLVED THAT:** All acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

*[Remainder of Page Intentionally Left Blank]*

--------------------------------------------------------x

In re                         )

                              )    Chapter 11

AMERICAN SAFETY          )

RAZOR COMPANY, LLC,      )    Case No. 10-_____ (___)

                              )

                Debtor.     )

                              )

Tax I.D. No. 54-1050207     )

--------------------------------------------------------x

## LIST OF CREDITORS HOLDING
## 30 LARGEST UNSECURED CLAIMS

       The above-captioned debtor in this chapter 11 case (the "Debtor") filed a voluntary petition in this Court on July 28, 2010 (the "Petition Date") for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  The List of Creditors Holding 30 Largest Unsecured Claims (the "Top 30 List") has been prepared on a consolidated basis from the books and records of the debtor and affiliated entities that have simultaneously commenced their chapter 11 cases in this Court (collectively, the "Debtors").  The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtor's chapter 11 case.  The Top 30 List does not include:  (a) persons who come within the definition of an "insider" set forth in section 101(31) of the Bankruptcy Code; or (b) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.  The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors.  The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority, and/or amount of any such claim.

*[Creditor Listing Begins on Next Page]*

| | Name of Creditor | Telephone Number, Fax Number and Complete Mailing Address including zip code of employee, agent or department of creditor familiar with claim or who may be contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract) | Indicate if Claim is Contingent, Unliquidated, or Disputed | Amount of Claim |
|---|---|---|---|---|---|
| 1. | J.P. MORGAN CHASE BANK, AS TRUSTEE | 3 METROTECH CENTER 6TH FLOOR BROOKLYN, NY 11245 USA Phone: 212-623-8789 Contact: LORRAINE RODGERS Email: lorraine.m.rodgers@jpmorgan.com | PENSION | Contingent/ Unliquidated | $94,888,000.00 |
| 2. | UBS AG, STAMFORD BRANCH, AS ADMINISTRATIVE AGENT | 677 WASHINGTON BOULEVARD STAMFORD, CT 06901 USA Phone: 310-556-6712 Fax: 203-719-3377 Contact: ANTHONY FINOCCHI | MEZZANINE LENDER | | $59,953,326.38 |
| 3. | TOTAL PETROCHEMICALS, INC | 15710 JFK BLVD HOUSTON, TX 77267 USA Phone: 856-629-6669 Fax: 856-629-1628 Contact: NICHOLAS CELFO Email: nicholas.celfo@total.com | TRADE | | $1,780,834.14 |
| 4. | PolyOne Corporation-GLS T.E. | 85 W. ALGONQUIN ROAD SUITE 600 ARLINGTON HEIGHTS, IL 60005-4421 USA Phone: 800-457-8777 Fax: 815-385-8533 Contact: AIDA BEHAROVIC Email: Aida.Beharovic@PolyOne.com | TRADE | | $825,089.03 |
| 5. | INTER PACK INDUSTRIES, INC. | 5301 W. MOHAVE PHOENIX, AZ 85043 USA Phone: 602-272-5202 Fax: 602-272-5141 Contact: MARCOS MOLINA Email: mmolina@rosmarpackaging.com | TRADE | | $344,726.81 |
| 6. | M. HOLLAND COMPANY | 400 SKOKIE BLVD. SUITE 600 NORTHBROOK, IL 60062 USA Phone: 847-849-8345 Fax: 847-849-8445 Contact: JULIETTE PAYERO Email: jpayero@m-holland.com | TRADE | | $311,512.92 |
| 7. | HITACHI METALS AMERICA LTD | 10700 SIKES PLACE SUITE 240 CHARLOTTE, NC 28277 USA Phone: 704-321-1350 Fax: 704-321-1355 Contact: BOB KAMINSKI Email: Robert.Kaminski@hitmet.com | TRADE | | $297,489.22 |
| 8. | TRANSPARENT CONTAINER CO INC | 5744 MCDERMOTT DRIVE BERKELEY, IL 60163 USA Phone: 708-236-1303 Fax: 708-318 2704 Contact: KEVIN MILAM Email: kmilam@transparentcontainer.com | TRADE | | $287,697.49 |

| | Name of Creditor | Telephone Number, Fax Number and Complete Mailing Address including zip code of employee, agent or department of creditor familiar with claim or who may be contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract) | Indicate if Claim is Contingent, Unliquidated, or Disputed | Amount of Claim |
|---|---|---|---|---|---|
| 9. | TEST-RITE INTERNATIONAL | 6F, NO. 23, HSIN HU 3RD ROAD NEI HU, 114 TAIPEI, TAIWAN Phone: 886-2-879-15498 Fax: 886-2-879-15788 Contact: SYLVIA CHUANG Email: s.chuang@testritegroup.com | TRADE | | $269,628.36 |
| 10. | MIDWEST COLOR | 50 FRANCIS ST LEOMINSTER, MA 01453 USA Phone: 888-858-9065 Fax: 978-537-4224 Contact: KRYSTAL GODIN Email: kgodin@hudsoncolor.com | TRADE | | $259,184.82 |
| 11. | MENASHA PACKAGING CO. | DISPLAY GROUP/PHILA. 601 E. ERIE AVE. PHILADELPHIA, PA 19134 USA Phone: 215-426-7110 Fax: 215-739-0990 Contact: CYNTHIA MORTON Email: Cynthia.Morton@menasha.com | TRADE | | $245,059.53 |
| 12. | QUALIPLAST SA de CV | OBREROS #2139 PARQUE INDUSTRIAL CD.OBREGON SONORA, MEXICO Phone: 52(644)410-6604 Fax: 52(644)410-6609 Contact: GUADALUPE ALVARADO Email: lupita@qualyplast.com | TRADE | | $227,767.90 |
| 13. | HUGO VOGELSANG GMBH & CO. KG | 2 ANDREW WYETH WAY MARLTON, NJ 08053 USA Phone: 856-768-8213 Fax: 856-768-3536 Contact: TOM COSTELLO Email: tec48@aol.com | TRADE | | $179,677.26 |
| 14. | SOUND PACKAGING, LLC | 260 NORTH ROOSEVELT CHANDLER, AZ 85226 USA Phone: 480- 940-2010 Fax: 480-940-2011 Contact: RICK DUSH Email: rdush@soundpkg.com | TRADE | | $152,405.21 |
| 15. | HORIZON DIE COMPANY INC. | 160 WINDSOR DR EAST DUNDEE, IL 60118 USA Phone: 800-227-9181 Ext. 120 Fax: 937-547-6013 Contact: SUE SHROYER Email: s.shroyer@kpfilms.com | TRADE | | $120,026.10 |
| 16. | ENTEC POLYMERS, LLC | 1900 SUMMIT TOWER BOULEVARD SUITE 900 ORLANDO, FL 32810 USA Phone: 407-475-9722 Fax: 407-659-7631 Contact: JENNIFER CHASTEEN Email: jchasteen@Entecresins.com | TRADE | | $119,323.64 |

| | Name of Creditor | Telephone Number, Fax Number and Complete Mailing Address including zip code of employee, agent or department of creditor familiar with claim or who may be contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract) | Indicate if Claim is Contingent, Unliquidated, or Disputed | Amount of Claim |
|---|---|---|---|---|---|
| 17. | GLOBAL STRATEGIC ALLIANCE-HK | UNIT D 7/F THE LUSTRE, CHIANTI DISCOVERY BAY, LANTAU NEW TERRITORIES, HONG KONG Phone: 852 28159120 Fax: 852 28159093 Contact: CLAIRE PHILLIPS Email: cphillips@gsa.com.hk | TRADE | | $118,520.35 |
| 18. | ADELL PLASTICS INC. | 4530 ANNAPOLIS ROAD BALTIMORE, MD 21227 USA Phone: 800-638-5218 Fax: 410-789-2804 Contact: DAWN PESTRIDGE Email: dpestridge@adellplas.com | TRADE | | $101,916.00 |
| 19. | AIR PURIFICATION, INC. | 8121 EBENEZER CHURCH RD RALEIGH, NC 27612 USA Phone: 919-783-6161 Fax: 919-787-3438 Contact: SHANNON ORR Email: shannon@airpurinc.com | TRADE | | $90,376.56 |
| 20. | WILLIAMS SUPPLY INC. | 210 7th ST. SW ROANOKE, VA 24016 USA Phone: 800-572-4071 Fax: 540-434-2366 Contact: SARA SZUSTAKOWSKI Email: saras@williams-supply.com | TRADE | | $87,730.24 |
| 21. | CARDED GRAPHICS LLC | 2 INDUSTRY WAY STAUNTON, VA 24401 USA Phone: 540-248-5566 Fax: 540-248-3716 Contact: BETH EARHART Email: bearhart@cardedgraphics.com | TRADE | | $74,379.71 |
| 22. | ANTHEM BLUE CROSS AND BLUE SHIELD | 2221 EDWARD HOLLAND DRIVE MAILDROP VA4003-R300 RICHMOND, VA 23230 USA Phone: 804-354-3584 Fax: 804-354-3577 Contact: MATTIE B. MURRAY Email: mattie.murray@anthem.com | MEDICAL AND DENTAL CLAIMS | | $72,748.51 |
| 23. | RESIRENE S.A. DE C.V. | PASEO DE LOS TAMARINDOS 400-B, PISO 28 BOSQUE DE LAS LOMAS MEXICO, D.F. 05120 MEXICO Phone: 0115255963588 Fax: 0115257232828 Contact: SAUL BECERRIL Email: saul.becerril@resirene.com | TRADE | | $72,338.75 |
| 24. | PENN ERIE | 2315 WEST 23RD STREET ERIE, PA 16506-2997 USA Phone: 814-878-4602 Fax: 814-878-4528 Contact: THOMAS HARTLINE Email: Hartlinet@plastekgroup.com | TRADE | | $71,660.34 |

| | Name of Creditor | Telephone Number, Fax Number and Complete Mailing Address including zip code of employee, agent or department of creditor familiar with claim or who may be contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract) | Indicate if Claim is Contingent, Unliquidated, or Disputed | Amount of Claim |
|---|---|---|---|---|---|
| 25. | JACOBSON WAREHOUSE COMPANY | 610 BRIDGESTONE PKWY LEBANON, TN 37090 USA Phone: 615-449-3400 Fax: 615-449-3494 Contact: DAN NEWELL Email: Dan.Newell@jacobsonco.com | TRADE | | $68,422.50 |
| 26. | CAUTHORNE PAPER COMPANY, INC | 12124 SOUTH WASHINGTON HWY ASHLAND, VA 23005 USA Phone: 804-798-6999 Fax: 804-798-6466 Contact: Dick Doak Email: Ddoak@CauthornePaper.com | TRADE | | $63,824.93 |
| 27. | VIRGINIA ELECTRIC & POWER CO | 2 TECHNOLOGY DRIVE STAUNTON, VA 24401 USA Phone: 540-245-4175 | UTILITY | | $62,884.15 |
| 28. | POLYONE CORPORATION | 1275 WINDHAM PARKWAY ROMEOVILLE, IL 60446 USA Phone: 317-782-1454 Fax: 440-930-3064 Contact: MARYANN WATERS Email: Maryann.waters@polyone.com | TRADE | | $61,495.98 |
| 29. | KEN-MAC METALS, INC. | 17901 ENGLEWOOD DR. CLEVELAND, OH 44130-3492 USA Phone: 440-545-9085 Fax: 440-234-5648 Contact: LORETTA ZACCARO Email: loretta.zaccaro@thyssenkrupp.com | TRADE | | $59,476.62 |
| 30. | KLANN INC. | 301 FOURTH STREET WAYNESBORO, VA 22980 USA Phone: 540-949-8351 Fax: 540-943-7106 Contact: DEBBIE MEADOWS Email: dmeadows@klann.com | TRADE | | $57,120.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------x
                                          )
In re                                     )
                                          )     Chapter 11
AMERICAN SAFETY                           )
RAZOR COMPANY, LLC,                       )     Case No. 10-_____ (_____)
                                          )
                          Debtor.         )
                                          )
Tax I.D. No. 54-1050207                   )
-------------------------------------------------------x
```

**DECLARATION CONCERNING THE DEBTOR'S LIST OF CREDITORS
HOLDING THE 30 LARGEST UNSECURED CLAIMS**

I, J. Andrew Bolt, Executive Vice President, Chief Financial Officer and

Secretary of American Safety Razor Company, LLC, declare under penalty of perjury that I have

reviewed the foregoing List of Creditors Holding the 30 Largest Unsecured Claims and that the

information contained therein is true and correct to the best of my information and belief.

Dated:  July 28, 2010

<div style="margin-left: 45%;">

By:      /s/ J. Andrew Bolt_____
Name:  J. Andrew Bolt
Title:   Executive Vice President, Chief
          Financial Officer and Secretary

</div>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------x
                                      )
In re                                 )      Chapter 11
                                      )
AMERICAN SAFETY                       )
RAZOR COMPANY, LLC,                   )      Case No. 10-_____ (_____)
                                      )
                          Debtor.     )
                                      )
Tax I.D. No. 54-1050207               )
-------------------------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS

The Equity Security Holders for the debtor in the above-captioned case is:

| Name | Address | Equity Holdings |
|---|---|---|
| RSA Holdings Corp. of Delaware | c/o American Safety Razor Company, LLC<br>240 Cedar Knolls Road<br>Cedar Knolls, NJ 07927 | 100% of the membership interests |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------x
                                    )
In re                               )
                                    )    Chapter 11
AMERICAN SAFETY                     )
RAZOR COMPANY, LLC,                 )    Case No. 10-_____ (_____)
                                    )
                   Debtor.          )
                                    )
Tax I.D. No. 54-1050207             )
-------------------------------------------------------x
```

**DECLARATION CONCERNING THE DEBTOR'S LIST
OF EQUITY SECURITY HOLDERS**

I, J. Andrew Bolt, Executive Vice President, Chief Financial Officer and Secretary of American Safety Razor Company, LLC, declare under penalty of perjury that I have reviewed the foregoing List of Equity Security Holders and that the information contained therein is true and correct to the best of my information and belief.


Dated: July 28, 2010


By:    /s/ J. Andrew Bolt_____

Name:  J. Andrew Bolt

Title:  Executive Vice President, Chief
Financial Officer and Secretary