# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| **AMERICAN SAFETY RAZOR COMPANY, LLC,** | ) | **Case No.: 10-_____ (\_\_\_\_\_)** |
| Debtor. | ) | |
| Tax I.D. No. 54-1050207 | ) | |
| **In re:** | ) | **Chapter 11** |
| **AMERICAN SAFETY RAZOR CORPORATION,** | ) | **Case No.: 10-_____ (\_\_\_\_\_)** |
| Debtor. | ) | |
| Tax I.D. No. 13-2675475 | ) | |
| **In re:** | ) | **Chapter 11** |
| **ASR HOLDINGS, INC.,** | ) | **Case No.: 10-_____ (\_\_\_\_\_)** |
| Debtor. | ) | |
| Tax I.D. No. 51-0366509 | ) | |
| **In re:** | ) | **Chapter 11** |
| **BLADE ACQUISITION COMPANY,** | ) | **Case No.: 10-_____ (\_\_\_\_\_)** |
| Debtor. | ) | |
| Tax I.D. No. 98-0502053 | ) | |
| **In re:** | ) | **Chapter 11** |
| **INDUSTRIAS MANUFACTURERAS ASR DE PUERTO RICO, INC.,** | ) | **Case No.: 10-_____ (\_\_\_\_\_)** |
| Debtor. | ) | |
| Tax I.D. No. 66-0424894 | ) | |

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **MEGAS BEAUTY CARE, INC.,** | ) | **Case No.: 10-_____ (\_\_\_\_)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **Tax I.D. No. 54-1740321** | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **MEGAS DE PUERTO RICO, INC.,** | ) | **Case No.: 10-_____ (\_\_\_\_)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **Tax I.D. No. 66-0543065** | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **PERSONNA INTERNATIONAL DE PUERTO RICO, INC.,** | ) | **Case No.: 10-_____ (\_\_\_\_)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **Tax I.D. No. 66-0470814** | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **RSA HOLDINGS CORP. OF DELAWARE,** | ) | **Case No.: 10-_____ (\_\_\_\_)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **Tax I.D. No. 04-3463029** | ) | |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **RSA SOAP COMPANY, INC.,** | ) | **Case No.: 10-_____ (\_\_\_\_)** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **Tax I.D. No. 31-0317635** | ) | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **VALLEY PARK REALTY, INC.,** | ) | Case No.: 10-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 34-1823691 | ) | |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER DIRECTING THE
JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, hereby file this motion (the "Motion") for the entry of an order pursuant to pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (a) directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for only procedural purposes; and (b) granting certain related relief. In support of this Motion, the Debtors rely upon and incorporate herein by reference the *Affidavit of J. Andrew Bolt, Executive Vice President and Chief Financial Officer of American Safety Razor Company, LLC and Blade Acquisition Company, and Vice President and Authorized Officer of the Other Debtors, in Support of the First Day Motions* (the "First Day Affidavit"), and respectfully represent as follows:

**CASE BACKGROUND**

1. On July 28, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their

property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.[1]

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## RELIEF REQUESTED

3. The Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing: (a) the joint administration of the Debtors' chapter 11 cases; and (b) parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered bankruptcy cases of "American Safety Razor Company, LLC, et al."[2] A proposed consolidated caption for all notices, applications, motions and other

---

[1] A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a transition into chapter 11 are set forth in the First Day Affidavit, which was filed contemporaneously with this Motion.

[2] The Debtors further request that a docket entry be made on the docket in the chapter 11 cases of American Safety Razor Corporation, ASR Holdings, Inc., Blade Acquisition Company, Industrias Manufactureras ASR de Puerto Rico, Inc., Megas Beauty Care, Inc., Megas de Puerto Rico, Inc., Personna International de Puerto Rico, Inc., RSA Holdings Corp. of Delaware, RSA Soap Company, Inc., and Valley Park Realty, Inc. substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of American Safety Razor Company, LLC; American Safety Razor Corporation; ASR Holdings, Inc.; Blade Acquisition Company; Industrias Manufactureras ASR de Puerto Rico, Inc.; Megas Beauty Care, Inc.; Megas de Puerto Rico, Inc.; Personna International de Puerto Rico, Inc.; RSA Holdings Corp. of Delaware; RSA Soap Company, Inc.; and Valley Park Realty, Inc. The docket of American Safety Razor Company, LLC in Case No. 10-_____ (_____) should be consulted for all matters affecting this case.

4

pleadings (the "Proposed Caption") is annexed as Exhibit 1 to the proposed order approving this Motion. The Debtors also request that the Court find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects.

**BASIS FOR RELIEF REQUESTED**

4. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Local Rule 1015-1 states that:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

The Debtors, consisting of a parent corporation and its direct subsidiary, are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an ex parte basis. See Local Rule 1015-1.

5. The joint administration of the Debtors' chapter 11 cases will permit the clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. Entering an order directing joint administration of the Debtors' chapter 11 cases will avoid the need for duplicative notices, motions and applications, thereby saving time and expense. Joint administration also will enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

6. Furthermore, because these cases involve thousands of potential creditors,

the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the clerk of this Court; (b) render the completion of various administrative tasks less costly; and (c) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases for only procedural purposes.

7. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." The Proposed Caption contains all of the required information and, therefore, satisfies the terms of section 342(c) of the Bankruptcy Code.

8. Furthermore, the entry of a joint administration order in multiple related cases is common, and this Court previously granted such motions. See, e.g., In re Magic Brands, LLC, Case No. 10-11310 (BLS) (Bankr. D. Del. Apr. 23, 2010); In re Regent Communications, Inc., Case No. 10-10632 (KG) (Bankr. D. Del. March 2, 2010); In re Specialty Packaging Holdings, Inc., Case No. 10-10142 (KG) (Bankr. D. Del. Jan. 21, 2010); In re Int'l Aluminum Corp., Case No. 10-10003 (MFW) (Bankr. D. Del. Jan. 6, 2010); In re Premier Int'l Holdings Inc., Case No. 09-12019 (CSS) (Bankr. D. Del. June 15, 2009); In re Visteon, Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009); In re Qimonda Richmond LLC, Case No. 09-10589 (MFW) (Bankr. D. Del. Feb. 20, 2009); In re Motor Coach Indus. Int'l, Inc., Case No. 08-12136 (BLS) (Bankr. D. Del. Oct. 7, 2008). Accordingly, this Motion should be granted.

## PROCEDURE

9. No previous request for the relief sought herein has been made to this or any other Court.

10. No trustee, examiner or creditors' committee has been appointed in these cases. The Debtors have provided notice of this Motion by facsimile and, where practicable, email and/or overnight mail to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' 30 largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (c) counsel to the administrative agent under the first lien senior secured credit facility; (d) counsel to the administrative agent under the second lien senior secured credit facility; (e) counsel to the lenders under the mezzanine credit facility; and (f) all parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form annexed hereto as Exhibit A, (a) directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for only procedural purposes, and (b) granting such other and further relief as the Court deems just and proper.

Dated: July 28, 2010
        Wilmington, Delaware

DRINKER BIDDLE & REATH LLP

/s/ Andrew C. Kassner
Andrew C. Kassner (DE 4507)
Howard A. Cohen (DE 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201
E-mail: andrew.kassner@dbr.com
       howard.cohen @dbr.com

-- and --

Mark Thompson (*pro hac vice* admission pending)
Elisha D. Graff (*pro hac vice* admission pending)
Morris J. Massel (*pro hac vice* admission pending)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Proposed Attorneys for the Debtors and Debtors in Possession*

# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) ) | **Chapter 11** |
| **AMERICAN SAFETY RAZOR COMPANY, LLC,** | ) ) ) | **Case No.: 10-_____ (____)** |
| Debtor. | ) ) ) | |
| Tax I.D. No. 54-1050207 | ) ) | |
| **In re:** | ) ) | **Chapter 11** |
| **AMERICAN SAFETY RAZOR CORPORATION,** | ) ) ) | **Case No.: 10-_____ (____)** |
| Debtor. | ) ) ) | |
| Tax I.D. No. 13-2675475 | ) ) | |
| **In re:** | ) ) | **Chapter 11** |
| **ASR HOLDINGS, INC.,** | ) ) | **Case No.: 10-_____ (____)** |
| Debtor. | ) ) ) | |
| Tax I.D. No. 51-0366509 | ) ) | |
| **In re:** | ) ) | **Chapter 11** |
| **BLADE ACQUISITION COMPANY,** | ) ) | **Case No.: 10-_____ (____)** |
| Debtor. | ) ) ) | |
| Tax I.D. No. 98-0502053 | ) ) | |
| **In re:** | ) ) | **Chapter 11** |
| **INDUSTRIAS MANUFACTURERAS ASR DE PUERTO RICO, INC.,** | ) ) ) | **Case No.: 10-_____ (____)** |
| Debtor. | ) ) ) | |
| Tax I.D. No. 66-0424894 | ) | |

| | |
|---|---|
| **In re:** ) | **Chapter 11** |
| ) | |
| **MEGAS BEAUTY CARE, INC.,** ) | **Case No.: 10-_____ (\_\_\_\_\_)** |
| ) | |
|        **Debtor.** ) | |
| ) | |
| **Tax I.D. No. 54-1740321** ) | |
| ) | |
| **In re:** ) | **Chapter 11** |
| ) | |
| **MEGAS DE PUERTO RICO, INC.,** ) | **Case No.: 10-_____ (\_\_\_\_\_)** |
| ) | |
|        **Debtor.** ) | |
| ) | |
| **Tax I.D. No. 66-0543065** ) | |
| ) | |
| **In re:** ) | **Chapter 11** |
| ) | |
| **PERSONNA INTERNATIONAL DE PUERTO RICO, INC.,** ) | **Case No.: 10-_____ (\_\_\_\_\_)** |
| ) | |
|        **Debtor.** ) | |
| ) | |
| **Tax I.D. No. 66-0470814** ) | |
| ) | |
| **In re:** ) | **Chapter 11** |
| ) | |
| **RSA HOLDINGS CORP. OF DELAWARE,** ) | **Case No.: 10-_____ (\_\_\_\_\_)** |
| ) | |
|        **Debtor.** ) | |
| ) | |
| **Tax I.D. No. 04-3463029** ) | |
| ) | |
| **In re:** ) | **Chapter 11** |
| ) | |
| **RSA SOAP COMPANY, INC.,** ) | **Case No.: 10-_____ (\_\_\_\_\_)** |
| ) | |
|        **Debtor.** ) | |
| ) | |
| **Tax I.D. No. 31-0317635** ) | |

|                                    | )  |                           |
|------------------------------------|----|---------------------------|
| **In re:**                         | )  | **Chapter 11**            |
|                                    | )  |                           |
| **VALLEY PARK REALTY, INC.,**      | )  | Case No.: 10-_____ (____) |
|                                    | )  |                           |
| **Debtor.**                        | )  |                           |
|                                    | )  |                           |
| Tax I.D. No. 34-1823691            | )  |                           |
|                                    | )  |                           |

### ORDER AUTHORIZING THE JOINT
### ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

This matter coming before the Court on the *Debtors' Motion for an Order Directing the Joint Administration of Their Chapter 11 Cases* (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion; and upon the *Affidavit of J. Andrew Bolt, Executive Vice President and Chief Financial Officer of American Safety Razor Company, LLC and Blade Acquisition Company, and Vice President and Authorized Officer of the Other Debtors, in Support of the First Day Motions*; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (iii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, and (iv) notice of the Motion was sufficient under the circumstances; and the Court having determined that good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The above-captioned chapter 11 cases shall be consolidated for only procedural purposes and shall be administered jointly. The clerk of the Court shall maintain one file and one docket for all of these jointly administered cases, which file and docket for each

respective chapter 11 case shall be the file and docket for American Safety Razor Company, LLC (the "Parent Case"), Case No. 10-_____ (____).

3. Parties in interest are directed to use the Proposed Caption[1] annexed hereto as Exhibit 1 when filing pleadings with the Court in the chapter 11 cases of the Debtors indicating that the pleading relates to the jointly administered chapter 11 cases of "American Safety Razor Company, LLC, et al." The consolidated caption satisfies the requirements of section 342(c) of the Bankruptcy Code in all respects.

4. A docket entry shall be made on the docket in each of the above-captioned cases (other than the Parent Case) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of American Safety Razor Company, LLC; American Safety Razor Corporation; ASR Holdings, Inc.; Blade Acquisition Company; Industrias Manufactureras ASR de Puerto Rico, Inc.; Megas Beauty Care, Inc.; Megas de Puerto Rico, Inc.; Personna International de Puerto Rico, Inc.; RSA Holdings Corp. of Delaware; RSA Soap Company, Inc; and Valley Park Realty, Inc. The docket of American Safety Razor Company, LLC in Case No. 10-_____ (_____) should be consulted for all matters affecting this case.

5. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effectuating a substantive consolidation of the above-captioned chapter 11 cases.

Dated: _____, 2010
      Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4

# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re

AMERICAN SAFETY
RAZOR COMPANY, LLC, et al.,[1]

　　　　　　Debtors.

) Chapter 11
)
) Case No. 10-_____ (___)
)
) Jointly Administered

---

**[TITLE OF PLEADING OR OTHER DOCUMENT]**

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: American Safety Razor Company, LLC (0207), American Safety Razor Corporation (5475), ASR Holdings, Inc. (6509), Blade Acquisition Company (2053), Industrias Manufactureras ASR de Puerto Rico, Inc. (4894), Megas Beauty Care, Inc. (0321), Megas de Puerto Rico, Inc. (3065), Personna International de Puerto Rico, Inc. (0814), RSA Holdings Corp. of Delaware (3029), RSA Soap Company, Inc. (7635), and Valley Park Realty, Inc. (3691). The following entities are non-debtor foreign affiliates of the Debtors: American Safety Razor Australia Pty Limited; American Safety Razor do Brasil Ltda.; American Safety Razor of Canada Limited; ASR Exportacao, Importacao, Comercio e Industria de Produtos de Barbear Ltda; Personna International CZ s.r.o.; Personna International de Mexico, S.A. de C.V.; Personna International Israel Ltd.; Personna International Limited; Personna International UK Limited; Personna International UK Ltd; and Wolco Holland BV. The corporate address of American Safety Razor Company, LLC is 240 Cedar Knolls Road, Cedar Knolls, NJ 07927.