IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------x
                                                )
In re                                           )
                                                )  Chapter 11
AMERICAN SAFETY                                 )
RAZOR COMPANY, LLC, et al.,[1]                  )  Case No. 10-12351 (MFW)
                                                )
        Debtors.                                )  Jointly Administered
                                                )
------------------------------------------------x  Re: Docket No. 12

## DECLARATORY ORDER ENFORCING
## SECTIONS 362 AND 525 OF THE BANKRUPTCY CODE

This matter having come before the Court upon the Motion[2] of the above-captioned debtors and debtors-in-possession (the "Debtors") in these chapter 11 cases, seeking entry of an order pursuant to sections 362 and 525 of the Bankruptcy Code enforcing the Bankruptcy Code's automatic stay and antidiscrimination provisions; and upon the *Affidavit of J. Andrew Bolt, Executive Vice President and Chief Financial Officer of American Safety Razor Company, LLC and Blade Acquisition Company, and Vice President and Authorized Officer of the Other Debtors, in Support of the First Day Motions*; and the Court having considered the submissions and arguments of counsel in support of the Motion, and the opposition thereto, if any; and it

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: American Safety Razor Company, LLC (0207), American Safety Razor Corporation (5475), ASR Holdings, Inc. (6509), Blade Acquisition Company (2053), Industrias Manufactureras ASR de Puerto Rico, Inc. (4894), Megas Beauty Care, Inc. (0321), Megas de Puerto Rico, Inc. (3065), Personna International de Puerto Rico, Inc. (0814), RSA Holdings Corp. of Delaware (3029), RSA Soap Company, Inc. (7635), and Valley Park Realty, Inc. (3691). The following entities are non-debtor foreign affiliates of the Debtors: American Safety Razor Australia Pty Limited; American Safety Razor do Brasil Ltda.; American Safety Razor of Canada Limited; ASR Exportacao, Importacao, Comercio e Industria de Produtos de Barbear Ltda; Personna International CZ s.r.o.; Personna International de Mexico, S.A. de C.V.; Personna International Israel Ltd.; Personna International Limited; Personna International UK Limited; Personna International UK Ltd; and Wolco Holland BV. The corporate address of American Safety Razor Company, LLC is 240 Cedar Knolls Road, Cedar Knolls, NJ 07927.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appearing that the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that granting the relief requested in the Motion is in the best interest of the Debtors, their estates, their creditors and equity holders; and it appearing that notice of the Motion has been given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' 30 largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (c) counsel to the administrative agent under the first lien senior secured credit facility; (d) counsel to the administrative agent under the second lien senior secured credit facility; (e) counsel to the lenders under the mezzanine credit facility; and (f) all parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; and that no other or further notice need to be given; and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Except as otherwise provided in any other order of this Court, including without limitation any order approving the Debtors' debtor-in-possession financing on an interim or final basis, all persons (including individuals, partnerships and corporations, and all those acting for or on their behalf), and all foreign or domestic governmental units (and all those acting for or on their behalf) are hereby stayed, restrained and enjoined from:

    a. Commencing or continuing any judicial, administrative or other proceeding against the Debtors, including the issuance or employment of process, that was or could have been commenced before any of the Debtors' chapter 11 cases were commenced, or recovering a claim against any of the Debtors that arose before the commencement of any of their chapter 11 cases;

    b. Enforcing a judgment obtained before the commencement of any of the Debtors' chapter 11 cases against any of the Debtors or against property of any of the Debtors' estate;

c. Taking any action to obtain possession of property of the estate of any of the Debtors, or of property from the estate of any of the Debtors, or to exercise control over property of any of the Debtors' estate;

d. Taking any action to create, perfect, or enforce any lien against property of the estate of any of the Debtors;

e. Taking any action to create, perfect or enforce any lien against property of any of the Debtors, to the extent that such lien secures a claim that arose before the commencement of any of the Debtors' chapter 11 cases;

f. Taking any action to collect, assess or recover a claim against any of the Debtors that arose before the commencement of any of their chapter 11 cases;

g. Offsetting any debt owing to any of the Debtors that arose before the commencement of any of the Debtors' chapter 11 cases against any claim against any of the Debtors; and

h. Commencing or continuing any proceeding before the United States Tax Court concerning any of the Debtors.

3. All persons and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained and enjoined from, in any way, seizing, attaching, foreclosing upon, levying against or in any other way interfering with any and all of the property of any of the Debtors, wherever located.

4. This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

5. Pursuant to section 525 of the Bankruptcy Code, all governmental units are prohibited and enjoined from denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant to, or

discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, any of the Debtors solely because one or all of the Debtors: (i) are debtors under the Bankruptcy Code, (ii) may have been insolvent before the commencement of the Debtors' chapter 11 cases or may be insolvent during the pendency of the Debtors' chapter 11 cases, or (iii) may not have paid a debt that is dischargeable in this case under the Bankruptcy Code.

6. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: July 30, 2010
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE