IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
                                                             )

In re                                        )
                                               )   Chapter 11

AMERICAN SAFETY             )
RAZOR COMPANY, LLC, et al.,[1]   )   Case No. 10-12351 (MFW)
                                               )
        Debtors.                    )   Jointly Administered
                                             )
---------------------------------------------------x   **Re: Docket Nos. 30 & 62**

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SIMPSON THACHER & BARTLETT LLP AS COUNSEL TO THE DEBTORS PURSUANT TO SECTIONS 327(a), 328(a) AND 330 OF THE BANKRUPTCY CODE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Simpson Thacher & Bartlett LLP as Counsel to the Debtors Pursuant to Sections 327(a), 328(a) and 330 of the Bankruptcy Code Nunc Pro Tunc to the Petition Date* (the "Application"); and the Court having reviewed the Application; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) notice of the Application is sufficient under the circumstances and no further notice is required; and (d) capitalized terms not otherwise defined herein have the meaning given to them in the Application; and upon the *Affidavit of J. Andrew*

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: American Safety Razor Company, LLC (0207), American Safety Razor Corporation (5475), ASR Holdings, Inc. (6509), Blade Acquisition Company (2053), Industrias Manufactureras ASR de Puerto Rico, Inc. (4894), Megas Beauty Care, Inc. (0321), Megas de Puerto Rico, Inc. (3065), Personna International de Puerto Rico, Inc. (0814), RSA Holdings Corp. of Delaware (3029), RSA Soap Company, Inc. (7635), and Valley Park Realty, Inc. (3691). The following entities are non-debtor foreign affiliates of the Debtors: American Safety Razor Australia Pty Limited; American Safety Razor do Brasil Ltda.; American Safety Razor of Canada Limited; ASR Exportacao, Importacao, Comercio e Industria de Produtos de Barbear Ltda; Personna International CZ s.r.o.; Personna International de Mexico, S.A. de C.V.; Personna International Israel Ltd.; Personna International Limited; Personna International UK Limited; Personna International UK Ltd; and Wolco Holland BV. The corporate address of American Safety Razor Company, LLC is 240 Cedar Knolls Road, Cedar Knolls, NJ 07927.

*Bolt, Executive Vice President and Chief Financial Officer of American Safety Razor Company, LLC and Blade Acquisition Company, and Vice President and Authorized Officer of the other Debtors, in Support of the First Day Motions*; and the Court having determined that the legal and factual basis set forth in the Application establish just cause for the relief granted herein and the Court having determined that the relief sought in the Application is in the best interests of the Debtors[2] and their estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is granted.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and effective as of the Petition Date, to employ and retain Simpson Thacher as their counsel.

3. Simpson Thacher shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by order of this Court.

4. Notwithstanding anything to the contrary contained herein, (a) any payment made, or authorization contained, hereunder shall be subject to the requirements any order of this Court approving the Debtors' debtor-in-possession financing (a "DIP Order"), and (b) any claim for which payment is authorized pursuant to this Order that is treated as an administrative expense of the Debtors' estates shall be and is subject and subordinate to the claims, liens, security interests and priorities granted to the DIP Facility Lenders and the DIP Facility Agent (each as defined in the DIP Order), subject to the Carve Out (as defined in the DIP Order), in accordance with and subject to the terms of the applicable DIP Order, and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

payment on any such claim shall be subject to the applicable requirements of the DIP Order and any other order of the Court authorizing the Debtors' use of cash collateral.

5. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: August 23, 2010
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE