IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN SAFETY RAZOR<br>COMPANY, LLC, et al.,<br><br>Debtors | Chapter 11<br><br>Case No. 10-12351 (MFW)<br><br>Related to Docket No. 28<br><br>Jointly Administered |

**MOTION BY THE SECOND-LIEN LENDERS PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b), BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 PERMITTING THE SECOND-LIEN LENDERS TO FILE TEMPORARILY UNDER SEAL THE OBJECTION OF THE SECOND-LIEN LENDERS TO THE DEBTORS' SALE MOTION, AND EMERGENCY CROSS-MOTION REQUESTING: (I) AUTHORITY TO COMMENCE AN INVESTIGATION OF THE DEBTORS' AUCTION PROCESS PURSUANT TO BANKRUPTCY RULE 2004; (II) APPOINTMENT OF AN EXAMINER; AND/OR (III) APPOINTMENT OF A CHAPTER 11 TRUSTEE[1]**

The Second-Lien Lenders, institutions collectively holding approximately 27.6% of the $178.1 million "second-lien" bank debt owed by the above-captioned debtors (the "Debtors" or "ASR"), by and through their undersigned counsel, hereby move (the "Motion to Seal") for the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") permitting the Second-Lien Lenders to file temporarily under seal the Objection of the Second-Lien Lenders to the Debtors' Sale Motion, and Emergency Cross-Motion Requesting: (I) Authority to Commence an Investigation of the Debtors' Auction Process Pursuant to Bankruptcy Rule 2004; (II) Appointment of an Examiner; and/or (III) Appointment of a Chapter 11 Trustee (the "Objection and Cross-Motion"), the redacted

---

[1] The Second-Lien Lenders are GSO/Blackstone Debt Funds Management LLC, as Collateral Manager, and BlackRock Kelso Capital Corporation.

1

cover page of which is attached hereto as Exhibit A. In support thereof, the Second Lien Lenders respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Second-Lien Lenders believe that bankruptcy proceedings should be open and publicly accessible. Accordingly, it is with reluctance that the Second-Lien Lenders file this Motion to Seal. However, the Debtors have refused to provide the Second-Lien Lenders with certain information regarding an alternative bid that has been submitted in these cases, and have maintained that the terms of that bid are confidential in nature. And so, the Second-Lien Lenders are compelled to file this motion seeking authority to file the Objection and Cross-Motion, which discusses what the Second-Lien Lenders understand to be the principal terms of that alternative bid, temporarily under seal.

2. The Second-Lien Lenders would hope that, once the Debtors have had an opportunity to review the Objection and Cross-Motion, they would relent and acknowledge that the terms of the alternative bid are not confidential, and that the Objection and Cross-Motion may be filed on the public docket.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 107(b). Relief also is warranted pursuant to Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

I. **General Case Background;**
   **The First and Second-Lien Debt.**

4. On July 28, 2010, the Debtors filed with this Court voluntary petitions for

2

WCSR 4461876v3

Chapter 11 relief. The Debtors continue to operate their business as debtors-in-possession pursuant to Bankruptcy Code Section 1107(a) and 1108.

5. On August 5, 2010, the United States Trustee appointed the Official Committee of Unsecured Creditors. The Official Committee is comprised of: (i) trade creditors, all of whom are slated to receive 100% payment under the Debtors' proposed sale to the First-Lien Lenders (as defined below); and (ii) the PBGC, another creditor with a claim that is to be "assumed" by the proposed transaction.

6. Besides unsecured debt, the Debtors are obligated on two forms of secured debt: (1) approximately $243 million of "first-lien" debt, secured by a blanket first lien on substantially all assets (the "First-Lien Debt"; holders thereof, the "First-Lien Lenders"); and (2) approximately $175 million of "second-lien" debt, secured by a blanket second lien on substantially all assets (the "Second-Lien Debt").

## II. The Debtors' Sale Motion And Proposed Bid Procedures.

7. In the Debtors' Motion Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, for Entry of an Order (a) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Encumbrances and (b) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, dated July 28, 2010 [Docket No. 28] (the "Debtors' Sale Motion"), ASR proposes to sell itself to the First-Lien Lenders after a near-term auction via credit bid pursuant to Bankruptcy Code Section 363(k). The Debtors have not yet received approval of their proposed bid procedures. Rather, in the Debtors' Sale Motion, ASR represents to the Court and all parties-in-interest that it will follow certain bidding procedures and will, eventually, ask the Court for retroactive approval of same.

8.  The Second-Lien Lenders are informed that an alternative bid has been delivered in accordance with the proposed bid procedures. The alternative bid is discussed in the Objection and Cross-Motion. However, the Second-Lien Lenders understand that the Debtors maintain that the terms of the alternative bid are confidential.

## RELIEF REQUESTED

9.  By this Motion to Seal, the Second-Lien Lenders request authority to file the Objection and Cross-Motion temporarily under seal, pending a further order of the Court.

## BASIS FOR RELIEF

10. While Bankruptcy Code Section 107(a) contemplates public access to materials filed in connection with bankruptcy cases, Bankruptcy Code Section 107(b) contemplates an exception to the general rule. More specifically, it provides that "on request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to . . . confidential . . . commercial information." 11 U.S.C. § 107(b). Moreover, Bankruptcy Rule 9018 permits a party in interest, such as the Second-Lien Lenders, to file a motion seeking to file documents under seal. See Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of . . . confidential . . . commercial information . . . .").

11. Additionally, Bankruptcy Code Section 105(a) gives the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." See 11 U.S.C. § 105(a).

12. The Objection and Cross-Motion that is requested to be filed temporarily under seal includes a summary of what the Second-Lien Lenders understand to be the principal terms of an alternative bid that has been submitted with respect to the sale of certain of the Debtors'

4

assets. The Second-Lien Lenders do not believe that such terms are confidential, and instead think that the terms should be disclosed publicly. However, the Second-Lien Lenders understand that the Debtors maintain that the terms of the alternative bid are confidential, and therefore, the Second-Lien Lenders have requested permission to file the Objection and Cross-Motion under seal temporarily, pending a further order of this Court.

## NOTICE

13. The Second-Lien lenders have served a copy of this Motion to Seal and the proposed form of order attached hereto on all parties requesting notice pursuant to Bankruptcy Rule 2002 in these cases. In connection herewith, the Second-Lien Lenders have provided an unsealed copy of the Objection and Cross-Motion only to the Court, the Office of the United States Trustee, and counsel for the Debtors. The Second-Lien Lenders believe that such notice is sufficient and that no further notice need be given.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Second-Lien Lenders respectfully request the entry of an order: (a) permitting the Second-Lien Lenders to file the Objection and Cross-Motion temporarily under seal, and (b) granting the Second-Lien Lenders such other and further relief as is just and proper.

Dated: September 22, 2010    **WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**

/s/ Steven K. Kortanek
Steven K. Kortanek, Esq. (DE Bar No. 3106)
Matthew P. Ward (DE Bar No. 4471)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320
(302) 252-4330 (fax)

- and -

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Andrew Dash, Esq.
Seven Times Square
New York, New York 10036
(212) 209-4800

- and -

Steven D. Pohl, Esq.
One Financial Center
Boston, MA 02111
(617) 856-8200

*Counsel to Second-Lien Lenders*