## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
In re                                                         )
                                                              )   Chapter 11
AMERICAN SAFETY                                               )
RAZOR COMPANY, LLC, et al.,[1]                                )   Case No. 10-12351 (MFW)
                                                              )
      Debtors.                   )   Jointly Administered
------------------------------------------------------x
                                  Re: Docket No. 270

## DEBTORS' REPLY TO NOTICE OF
## ENERGIZER HOLDINGS, INC.'S CONTINUED INTEREST TO
## PARTICIPATE IN SALE PROCESS AND TO CONSUMMATE TRANSACTION

The debtors and debtors in possession (the "Debtors") hereby reply (the "Reply") to *Notice of Energizer Holdings, Inc.'s Continued Interest in Sale Process and to Consummate Transaction* [Docket No. 270] (the "Notice") filed by Energizer Holdings, Inc. ("Energizer"). In support of the Reply, the Debtors respectfully represent:

## THE REPLY

1.     Filing the Notice on the eve of the hearing on the Sale Motion[2] (the "Sale Hearing") constitutes Energizer's latest and most flagrant breach of its confidentiality obligations

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: American Safety Razor Company, LLC (0207), American Safety Razor Corporation (5475), ASR Holdings, Inc. (6509), Blade Acquisition Company (2053), Industrias Manufactureras ASR de Puerto Rico, Inc. (4894), Megas Beauty Care, Inc. (0321), Megas de Puerto Rico, Inc. (3065), Personna International de Puerto Rico, Inc. (0814), RSA Holdings Corp. of Delaware (3029), RSA Soap Company, Inc. (7635), and Valley Park Realty, Inc. (3691). The following entities are non-debtor foreign affiliates of the Debtors: American Safety Razor Australia Pty Limited; American Safety Razor do Brasil Ltda.; American Safety Razor of Canada Limited; ASR Exportacao, Importacao, Comercio e Industria de Produtos de Barbear Ltda; ASR Israel Holding Company Ltd.; Personna International CZ s.r.o.; Personna International de Mexico, S.A. de C.V.; Personna International Israel Ltd.; Personna International Limited; Personna International UK Limited; Personna International UK Ltd; and Wolco Holland BV. The corporate address of American Safety Razor Company, LLC is 240 Cedar Knolls Road, Cedar Knolls, NJ 07927.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in *Debtors' Reply to Objection of the Second-Lien Lenders to the Motion, Pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, for Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Encumbrances and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases*, filed September 27, 2010 [Docket No. 267] (the "Sale Motion Reply").

under the August 20, 2010 non-disclosure agreement between itself and the Debtors (the "NDA", a copy of which is annexed hereto as Exhibit A), which they signed, apparently under false pretenses, to gain admission to the Debtors' data room. Energizer, which is one of two companies that together hold over 80% market share in the Debtors' industry and whose competitive strategy was the proximate cause of the Debtors' chapter 11 filing, has filed the Notice in the latest step in a month-long campaign to strong-arm the Debtors into accepting an inferior, highly contingent bid by dangling an illusory recovery in front of a constituency that is otherwise out of the money, and then collaborating with that constituency, in violation of the NDA, on baseless litigation designed to disrupt the otherwise consensual sale process that will generate a 100% recovery to the First Lien Lenders and general unsecured creditors. The Debtors hereby reserve their rights, and fully intend, to hold Energizer accountable for its lack of good faith, its failure to abide by the NDA, and for inducing the Debtors to enter into the NDA by means of false pretenses.

**Energizer Has No Standing to Object to the
Sale Motion or Appear at the Sale Hearing**

2. Energizer does not have standing to object to the Sale Motion or otherwise appear at the Sale Hearing. Energizer is merely a frustrated bidder and not a party in interest in the chapter 11 cases – accordingly, Energizer should not be heard. Numerous courts have held that "frustrated bidders" lack standing to object to a sale in bankruptcy court or otherwise be heard. *See e.g., In re Broadmoor Place Invs., L.P.*, 994 F.2d 744, 746 n. 2 (10th Cir. 1993), *cert. denied*, 510 U.S. 1070 (1994); *In re Harwald Co.*, 497 F.2d 443, 444-45 (7th Cir. 1974); *In re HST Gathering Co.*, 125 B.R. 466, 467 (W.D. Tex. 1991); *In re Quanalyze Oil & Gas Corp.*, 250 B.R. 83 (Bankr. W.D. Tex. 2000); *In re Keim*, 212 B.R. 493 (Bankr. D. Md. 1997); *In re Mall At One Assocs., L.P.,* 1995 WL 318851, at *7-8 (Bankr. E.D. Pa., May 23, 1995); *In re Crescent*

*Mfg. Co.*, 122 B.R. 979, 981 (Bankr. N.D. Ohio 1990); *In re Karpe*, 84 B.R. 926 (Bankr. M.D. Pa. 1988); *Cello Bag Co. Inc. v. Champion Int'l Corp. (In re Atlanta Packaging Prods., Inc.)*, 99 B.R. 124 (Bankr. N.D. Ga. 1988); *In re Planned Sys., Inc.*, 82 B.R. 919 (Bankr. S.D. Ohio 1988); *Big Shanty Land Corp. v. Comer Props., Inc.*, 61 B.R. 272 (N.D. Ga. 1985); *In re Nepsco, Inc.*, 36 B.R. 25 (Bankr. D. Me. 1983).

3. Such courts have generally observed that "the bankruptcy statutes and rules governing sales by [debtors in possession] are designed to protect the estate, not potential purchasers." *HST Gathering*, 125 B.R. at 468 (citing *Nepsco*, 36 B.R. 25-27) ("[A]n entity, whose only interest in the proceeding was that it desired to purchase certain assets of the estate, was not within the 'zone of interests intended to be protected' under the bankruptcy statutes and regulations."). As set forth more fully in the Sale Motion Reply, Energizer has continuously refused to enter into a transaction without the right to walk away in 60 days in the event that it does not have antitrust approval to close the transaction. After several rounds of negotiation in which Energizer failed to respond to this closing uncertainty in any meaningful way, and after near daily involvement of and consultation with the advisors to the Committee and the First Lien Agent, the Debtors exercised their business judgment not to recognize Energizer's proposal as a Qualified Bid.

4. Accordingly, Energizer is a mere frustrated bidder in the chapter 11 cases – and a competitor that appears determined to interfere with the Debtors' sale efforts through bad faith tactics – and has no standing to object to the Sale Motion or appear before the Court at the Sale Hearing.

**Energizer Has Breached its Confidentiality Obligations under the NDA**

5. On August 20, 2010, Energizer and the Debtors executed the NDA that permitted Energizer to access confidential information in connection with the sale process. Considering that Energizer is a major competitor of the Debtors, an NDA was of vital importance. In the NDA, Energizer agreed, among other things:

> (i) to keep Confidential Information[3] strictly confidential, to use such information solely for the purpose of evaluating a potential transaction and for no other purpose **and not to disclose such information to third parties** (*see* NDA ¶ 1); and
>
> (ii) without the prior written consent of the Debtors, **to not disclose to any person either the fact that any investigations, discussions or negotiations are taking place concerning a possible transaction**, the fact that Energizer had requested or received Confidential Information from the Debtors or its representatives or that Confidential Information has been made available by or on behalf of the Debtors or their representatives, or the existence of this agreement or any of the terms, conditions **or other facts with respect to any such possible transaction** (*see* NDA ¶ 2).[4]

6. Within days, Energizer began to flout its confidentiality obligations under the NDA. The filing of the Notice is only the most recent breach. Through discovery related to the Sale Motion and the filing of the Notice, the Debtors have learned the particulars of Energizer's disregard of its obligations. Specifically:

> (i) On August 19, 2010, Energizer's outside counsel, Bryan Cave LLP, contacted counsel to the Minority Second Lien Objectors to discuss the

---

[3] "Confidential Information" is defined as "confidential or proprietary information, which is not in the public domain… (irrespective of the form of communication (whether oral, written, electronic or any other form) and whether such information is so furnished before, on or after the date hereof) concerning the [Debtors] or any of its direct or indirect shareholders, or any of their respective employees, directors, subsidiaries or affiliates, and all analyses, compilations, forecasts, notes, studies or other documents prepared by you or your [representatives] containing or based in whole or in part on any such furnished information.

[4] Energizer itself required the inclusion of a provision in the NDA that, with certain exceptions relating to Court procedures, prohibited the Debtors from disclosing to any person, other than to its representatives, the fact that Energizer had requested or received Confidential Information, that Energizer was engaged in an evaluation of a potential transaction or the terms, conditions or other facts with respect to a potential transaction proposed by Energizer. NDA, ¶ 2. The Debtors have steadfastly complied with their obligations arising under the NDA.

sale process and a potential Energizer bid on the day before signing the NDA (*see* Exhibit B);

(ii) On September 24, 2010, Energizer's outside antitrust counsel, Gibson, Dunn & Crutcher LLP, contacted counsel to the Minority Second Lien Objectors to discuss the potential Energizer bid (*see* Exhibit C); and

(iii) On September 27, 2010, Energizer filed the Notice.

7. The aforementioned communications are obvious, wanton and actionable breaches of Energizer's confidentiality obligations under the NDA. The filing of the Notice on the public docket was not only the most recent breach of the NDA, but the most cavalier and potentially the most harmful to the Debtors' reorganization, their businesses and their employees. It broadcast Energizer's **confidential participation** in a sale process.[5] In the days leading up to the Sale Hearing, actual parties in interest in these cases – the Debtors, the Committee, the First Lien Agent and even the Minority Second Lien Objectors – have painstakingly filed documents relating to Energizer's participation in the sale process under seal to avoid disrupting relationships and causing uncertainty with customers and employees in order to preserve the value of the estate. By its filing, Energizer has now let the "cat out of the bag" and the Debtors are left to speculate as to whether its bid (which is highly illusory as it is fraught with substantial closing uncertainty) is nothing more than an attempt to cause competitive harm to the Debtors' estates.

8. Energizer's collusion with disgruntled stakeholders and the flouting of its contractual obligations clearly demonstrate Energizer's bad faith. In light of the foregoing, the Debtors hereby reserve their rights to seek all appropriate remedies in law and equity against Energizer and its Representatives (as defined in the NDA). Energizer's conduct and proposal

---

[5] Shortly after the filing of the Notice, news of Energizer's intent to "participate" was reported in a Debtwire article, a copy of which is annexed hereto as Exhibit D.

should be viewed for what it is – a bad faith attempt by a competitor to disrupt the Debtors' reorganization, sow confusion among the Debtors' employees, customers and suppliers, destabilize the Debtors' businesses undermine their ability to compete in the marketplace at a critical point in their selling season.

| | |
|---|---|
| Dated: September 27, 2010<br>Wilmington, Delaware | DRINKER BIDDLE & REATH LLP<br><br>/s/ Andrew C. Kassner<br>Andrew C. Kassner (DE 4507)<br>Howard A. Cohen (DE 4082)<br>1100 N. Market Street, Suite 1000<br>Wilmington, DE 19801<br>Telephone: (302) 467-4200<br>Facsimile: (302) 467-4201<br><br>- and -<br><br>Mark Thompson (admitted *pro hac vice*)<br>Linda H. Martin (admitted *pro hac vice*)<br>Mary Beth Forshaw (*pro hac vice* admission pending)<br>Morris J. Massel (admitted *pro hac vice*)<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 455-2000<br>Facsimile: (212) 455-2502<br><br>*Attorneys for the Debtors and Debtors in Possession* |